THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL DE JESÚS ORTIZ, Defendant and Appellant.

No. 11413.   Argued May 8, 1946.—Decided May 20, 1946.

*Rafael A. González* for appellant.   *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The District Attorney of Bayamón brought two informations against the appellant herein—one for voluntary manslaughter and the other for carrying a weapon—and both were filed on June 8, 1944.   Upon being arraigned on the two charges, on July 24, 1944, the defendant requested that both cases be tried jointly.   On September 11, 1944, the defendant addressed a letter to the court requesting that the case of voluntary manslaughter be set for trial.   The court did not take any action on that request.

The trial in both cases was set for February 13, 1946. Prior to that date, the defendant filed motions praying for the dismissal of both prosecutions.   The court denied the

motion as to the case of carrying a weapon, and immediately proceeded to hold the trial, and finally sentenced the defendant to three months in jail. Feeling aggrieved by that judgment, the defendant appealed to this court.'

In his first assignment the appellant urges that the lower court erred in not ordering the dismissal of the prosecution after the lapse of nearly two years from the date of the arraignment to that of the holding of the trial.

From the minutes of the court pertaining to the day on which the arraignment was made the following appears:

"In the case of voluntary manslaughter he asked a jury trial and in that of carrying a weapon he requested that the same be tried jointly with the felony, waiving prescription and a speedy trial."

The lower court, in denying the motion for dismissal of the prosecution in the case of carrying a weapon, said:

"THE COURT: After reading that minute, the court thinks that an accused can not invoke the discretion of any court for the obtention of a privilege and claim afterward before that same court that said privilege was subject to certain limitations. The court was entitled to try the misdemeanor case immediately, but the defendant wished it otherwise; he desired that it be tried jointly with the felony case. The court understands the situation faced by the defendants in cases of this kind in which they have pending a felony case and a misdemeanor case; it is to their interest to have the misdemeanor case, that is, the case of carrying a weapon and the felony case tried jointly, so that the trial jury may never know that a judge has found the defendant guilty of carrying a weapon. And thus the defendant moves that both cases be tried jointly, that is, not to try the case of carrying a weapon until the felony case has been tried. In exchange for that, the defendant tells the court 'I am going to waive a speedy trial,' and the court grants his request. Now, time passes and the defendant asks, as happens in this case, that the felony case be tried; but the felony case is not tried until some time has elapsed. From June 1944 until today, how much time has elapsed? One year and seven months; nearly two years. Then, what happens? That at the instance of the accused the felony case is dismissed because it was not tried within the term of 120

days. And now the accused asks that the misdemeanor case be also dismissed because it has not been tried within the 120 days.

"The court thinks that the waiver made by the accused is an unlimited waiver: he waived a speedy trial, which binds him at all times; and that the court, relying on that waiver made by the accused, failed to set the case for trial."

· We do not agree with the reasoning of the lower court. The waiver made by the accused to a speedy trial in the case of carrying a weapon was subject to the implied condition that said case would be tried jointly with the principal case. The accused. had a right to expect and to assume that the trial in the felony case would be held within the statutory term of 120 days, or as soon as it were possible, in case there was a just cause for delay. The defendant agreed that the case of carrying a weapon might wait until the Government were in a position to proceed with the trial in the felony case; but he did not agree to wait, for an unlimited time, for the case of carrying a weapon to be tried at the convenience of the district attorney. The defendant not only did not delay or hinder in any way the holding of the trial in the felony case but did in fact try to speed the trial of the case. The district attorney failed to submit any excuse or reason to show that it had not been possible to try the felony case within the term of 120 days.

The lower court erred in denying the motion to dismiss the prosecution and in sentencing the defendant.

The judgment appealed from should be reversed and the defendant discharged.